UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RECON NATURAL RESOURCES, LLC, | ) ) ) | CASE NO. 5:20-cv-0733 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) ) | MEMORANDUM OPINION AND TEMPORARY RESTRAINING ORDER |
| CYNTHIA C. COOK, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of plaintiff, Recon Natural Resources, LLC ("Recon"), for a temporary restraining order and preliminary injunction. (Doc. No. 5.) In support of its motion, Recon affixed the declaration of Lonnie R. Holotik III. (Doc. No. 5-3 ["Holotik Decl."].) For the reasons discussed below, the motion for a temporary restraining order is GRANTED and the case will be set for a hearing on the request for a preliminary injunction.

**I. BACKGROUND**

On April 3, 2020, Recon filed its complaint against Cynthia and Mark Cook (the "Cooks") for, among other things, breach of contract. (*See* Doc. No. 1) Recon entered into a purchase and sale agreement ("PSA") to acquire the Cooks' right, title, and interests in and to all of the oil and gas mineral and royalty interests (the "Mineral Interests") in real property located at 1226 Bramble Road, Carrollton, Ohio (the "Property"). (Holotik Decl. ¶¶ 5, 6.) The PSA provides that closing was to occur "on or before February 28, 2020 or 15 days from the date [Recon] receive[d] the executed agreement from [the Cooks], whichever occur[red] later (the "Closing Date")." (*Id.* ¶ 8.) Recon received the executed PSA from the Cooks on February 18, 2020 and, therefore, closing

was to occur on March 4, 2020. (*Id.* ¶¶ 10, 11.) Recon sent the Cooks the necessary closing documents twice before the Closing Date, first on February 28, 2020 via email and again on March 3, 2020 via UPS next day air. (*Id.* ¶¶ 12, 13.) While the Cooks did not respond to the email or retrieve the UPS package, Cynthia Cook acknowledged receipt of the documents when she sent a text message to a Recon representative on March 5, 2020 stating "[h]opefully, I can get your paperwork back to you tomorrow." (*Id.* ¶¶ 14, 15.)

Recon initially believed that the Cooks were delayed in executing the closing documents due to a medical issue, but Cynthia Cook later informed Recon that the Cooks received a higher offer for the Property from a company competing against Recon. (*Id.* ¶¶ 16, 17.) On March 9, 2020, the Cooks sent Recon a document entitled "Notice of Expiration of Agreement" stating, in part, that the PSA expired. (*Id.* ¶ 19.) The next day, Recon's counsel again sent the Cooks the necessary closing documents and advised that timely execution was of the essence because there was current natural gas production tied to the sale of the Property. (*Id.* ¶ 20.) The Cooks have persisted in their refusal execute and return the closing documents or otherwise perform under the PSA. (*Id.* ¶ 21.) Recon brought the instant motion claiming that, without a temporary restraining order, it will suffer immediate and irreparable injury if the Cooks violate the PSA and sell their Mineral Interests to a competing entity. (*Id.* ¶ 21.) Recon's counsel has certified that a true and correct copy of its motion for a temporary restraining order and preliminary injunction was served upon the Cooks via Federal Express Priority Overnight Delivery on April 9, 2020. (Mot. at 31[1].) The Cooks have yet to make an appearance in this action or respond to the notice of the instant motion.

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 governs injunctive relief.[2] Courts reviewing requests for temporary restraining orders consider four factors: (1) whether plaintiff has established a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer immediate and irreparable injury if a temporary restraining order did not issue; (3) whether the temporary restraining order would cause substantial harm to others; and (4)whether the public interest would be served if the court were to grant the requested relief. *PACCAR Inc. v. TeleScan Techs., L.L.C.*, 319 F.3d 243, 249 (6th Cir. 2003), *abrogated on other grounds by KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 125 S. Ct. 542, 160 L. Ed. 2d 440 (2004). When deciding whether to issue a temporary restraining order, courts focus particular attention on the irreparable harm element. *Reid v. Hood*, No. 1:10CV2842, 2011 WL 251437, at *2 (N.D. Ohio Jan. 26, 2011) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977)). But the test is a flexible one and the factors are not prerequisites to be met but considerations that must be balances against each other. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing cases). "[T]he purpose of a [temporary restraining order] under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir.

---

[2] Pursuant to Rule 65(b)(1)(B), Recon's counsel certified that Recon has attempted to provide notice to the Cooks on at least four occasions, but the Cooks have failed to respond. (*See* Doc. No. 8.) On March 10, 2020, Recon's counsel sent the Cooks a letter stating that Recon was prepared to enforce the terms of the PSA through all available remedies. (*Id.* at 68). On April 3, 2020, Recon's counsel sent the Cooks a letter that included a copy of the complaint seeking injunctive relief. (*Id.*) On April 9, 2020 Recon's counsel sent the Cooks an additional letter and enclosed another copy of the complaint. (*Id.*) Finally, Recon's counsel sent the Cooks a letter, that included a copy of the instant motion, on April 9, 2020. (*Id.* at 69.) Recon sent all letters to the Cooks via FedEx Priority Overnight Delivery. Recon's counsel asserts that efforts have been made to notify the Cooks of this action and the present motion but, due to the Cooks unresponsiveness, a temporary restraining order should be issued without notice. (*See id.*) As such, it is necessary to issue this order without notice because all previous attempts to contact the Cooks have been unsuccessful and, as discussed below, delay will cause immediate and irreparable harm to Recon.

1996). The plaintiff bears the burden of establishing entitlement to injunctive relief. *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (citing cases).

**III.    ANALYSIS**

   **A. Likelihood of Success on the Merits**

Recon has a substantial likelihood of success on the merits. In support of its motion, Recon filed a declaration of its Vice President and General Counsel, Lonnie R. Holotik III ("Holotik") and a copy of the PSA at issue. After reviewing both documents, it appears that the PSA was executed on February 18, 2020. (*See* Doc. No. 7 at 53.) Recon asserts that it has performed under the PSA and the Cooks wrongfully failed to perform. The scant information that Recon has received from the Cooks, after they failed to close on the sale of the Property, indicates that the Cooks may have "received a higher offer for the Property from a company competing against Recon." (Holotik Decl. ¶ 17.) While the Cooks claim that the PSA has expired, it appears as though it was the Cooks' failure to timely execute the closing documents that was the cause of the parties' failure to close. (Holotik Decl. ¶¶ 14, 15.) And the Cooks appear to have acknowledged their obligations under the PSA when they sent a message to Recon on March 5, 2020 stating that they hoped to return the closing paperwork by "tomorrow." (*Id.* ¶ 15.) If closing did not occur because the Cooks failed to execute the closing documents, they cannot avail themselves of that conduct to avoid enforcement of their obligations under the PSA. *See Suter v. Farmers' Fertilizer*, 126 N.E. 304, 306 (Ohio 1919) (outlining the prevention doctrine).

   **B. Irreparable Harm**

Recon has demonstrated that it will suffer immediate and irreparable harm if a temporary restraining order is not issued. The injury is immediate because it appears that the Cooks may have already accepted another offer to purchase the property. (*Id.* ¶ 17.) The Cooks' intent not to perform under the PSA is illustrated by their letter notifying Recon of their belief that the PSA had

expired. (*Id.* ¶ 19.) Because the sale of the Property implicates current natural gas production, the total amount of Recon's losses will be difficult, if not impossible, to accurately calculate. *Dunning v. Varnau*, 95 N.E.3d 587, 593 (Ohio Ct. App. 2017) ("Irreparable harm is an injury for which there is no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete."). Further, the PSA at issue relates to the purchase of mineral rights tied to real property. Interests in land are unique and the Cooks' sale of the Property would cause Recon harm that cannot be compensated with money alone. *See Golf Vill. N. LLC v. City of Powell*, 333 F. Supp. 3d 769, 781 (S.D. Ohio 2018) ("In light of … the unique nature of real property, the Court finds that the facts and equities here warrant [a] finding … [of] irreparable harm….").

### C. Substantial Harm to Others

The Court finds that the issuance of a temporary restraining order will not cause substantial harm to third parties. While a temporary restraining order may delay a potential sale of the Property to Recon's competitor (Holotik Decl. ¶ 17), any injury caused by the potential delay is relatively minimal and should be weighed against the Cooks' prior obligations to perform under the PSA.

### D. Public Interest in Issuing a Temporary Restraining Order

The final question is whether issuance of a temporary restraining order would serve the public interest. Upholding and enforcing the terms of a contract is certainly in the public interest. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). Because issuing a temporary restraining order would maintain the status quo in order to determine if the Cooks should be held to the terms of the PSA, the Court finds this factor to weigh in favor of issuing the temporary relief requested until a hearing is held on the request for a preliminary injunction.

## IV. CONCLUSION

For the reasons set forth above, the motion of plaintiff, Recon Natural Resources, LLC, is granted in part. The defendants, Cynthia and Mark Cook, are hereby temporarily restrained from selling or transferring their Mineral Interests in the Property to any individual or entity other than Recon. This order is in effect for a period of fourteen (14) days. Recon is directed to serve the Cooks with a copy of this order in accordance with Fed. R. Civ. P. 65(d)(2) and note service on the docket. In addition, pursuant to Fed. R. Civ. P. 65(c), Recon shall post security in the amount of $50,000 for deposit into the Registry of the Court.

A hearing on Recon's request for a preliminary injunction is scheduled for April 28, 2020 at 11:00 a.m. in Courtroom 530 of the United States District Court at 2 South Main Street, Akron, Ohio. In addition, a telephonic status conference for all parties and counsel is scheduled for April 23, 2020 at 10:00 a.m. Dial-in instructions for the status conference will be included with a copy of this order. The Clerk is directed to send a copy of this order to the defendants via ordinary mail and note service on the docket.

**IT IS SO ORDERED**.

Dated: April 14, 2020 at 2:04 p.m.

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**